PHILIP J. GRAVES (SBN 153441)
philipg@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 203
Pasadena, CA  91101
Telephone:  (213) 330-7150
Facsimile:  (213) 330-7152

BARBARA MAHONEY (*pro hac vice* pending)
barbaram@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594

Attorneys for Plaintiff
FEMTO-SEC TECH, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| FEMTO-SEC TECH, INC., a California Corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CARL ZEISS MEDITEC, INC., a New York Corporation,<br><br>　　　　　　　　Defendant. | No. 8:15-cv-1692<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

Plaintiff Femto-Sec Tech, Inc. ("Femto-Sec"), by and through its undersigned attorneys, pleads as follows:

## I. PARTIES

1. Femto-Sec is a corporation organized and existing under the laws of the State of California having its principal place of business in Aliso Viejo, California.

2. Carl Zeiss Meditec, Inc. ("Zeiss Meditec") is a corporation organized and existing under the laws of the State of New York, having a principle place of business in Dublin, California.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction for this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4. On information and belief, this Court has personal jurisdiction over Zeiss Meditec for the reasons, among others, that (i) Zeiss Meditec transacts business by selling infringing product in California, including in this District, and (ii) Zeiss Meditec has a principle place of business and maintains an agent for service of process in Dublin, California.

5. Venue is proper in this District because Zeiss Meditec resides in this District within the meaning of 28 U.S.C. §§ 1391 and 1400(b).

## III. FACTUAL ALLEGATIONS

**A.  Dr. Neev**

6. Dr. Joseph Neev, President of Femto-Sec, is a physicist and an inventor of revolutionary applications of lasers in the ophthalmic, dermatological, dental and cardiovascular fields.

7. Dr. Neev's career in advancing the use of laser technology to optimize surgical applications began in the late 1980s. His contributions to augment the use of lasers in medical and other applications is well-recognized in the industry, and can be seen through his numerous publications and his affiliation with reputable institutions

such as Lawrence Livermore National Laboratory ("Livermore"), the University of California at Irvine ("UCI"), the Beckman Laser Institute, the University of California at San Diego, the University of California at San Francisco, Cornell University School of Medicine, the University of Texas at Austin, Stanford University's School of Medicine, and Duke University's School of Medicine. As an internationally recognized leader in the field of femtosecond lasers in surgery and medicine, Dr. Neev was asked, in the mid-1990's, to organize the first conference on commercial and biomedical applications of ultra-short pulse lasers and served as the conference chair or co-chair for over a decade.

8. In the mid and late 1990s, Dr. Neev worked as an assistant professor of surgery at the Beckman Laser Institute and Medical Clinic, which was part of the Department of Surgery at UCI. At the time, Dr. Neev worked with other University of California scientists at Livermore on research and development projects relating to ultra-short pulse lasers. Livermore, which was managed by the University of California at the time, is a federally funded research laboratory, entrusted with strengthening the United States' security through the development and application of world-class science and technology.

9. Dr. Neev and his collaborators at Livermore developed foundational technology relating to ultra-short pulse lasers with various applications. The Regents of the University of California ("The Regents") applied for and received various patents relating to this foundational technology. Among these patents is U.S. Patent Nos. 5,720,894 (the "'894 Patent"), entitled "Ultrashort Pulse High Repetition Rate Laser System for Biological Tissue Processing," which was issued by the U.S. Patent and Trademark Office on February 24, 1998. Dr. Neev is a named inventor of the '894 patent.

10. Following his departure from UCI, Dr. Neev continued his research concerning medical applications of laser technology. Dr. Neev's subsequent work has

resulted in the issuance of 15 U.S. Patents covering various laser and light-based biomedical applications, including U.S. Patent No. 6,482,199.

**B.     The Femto-LLNS License**

11.     Dr. Neev founded Femto-Sec in or about 2007. Femto-Sec is engaged in research and development in the field of ultra-short pulse lasers for medical, ophthalmic, dental, and industrial applications.

12.     In 2007, Femto-Sec invested significant funds to acquire an exclusive field-of-use license to a group of patents relating to, among other things, femtosecond lasers. As of August 29, 2007, Femto-Sec and The Regents, on information and belief at that time the manager of Livermore, entered into a Limited Exclusive Patent License Agreement for Short-Pulse Laser Technology ("the Femto-LLNS License"). Femto-Sec paid to license patents based on technology developed by Dr. Neev as well as on technology developed by Dr. Neev's former colleagues at Livermore.

13.     Under the Femto-LLNS License, Femto-Sec was granted an exclusive royalty-bearing license under five patents related to ultra-short pulse laser technology within a field of use comprising medical applications for humans and animals, including medical devices and cosmetic applications, and biological treatments for plants. One of those patents was the '894 Patent.

**C.     The VisuMax® Femtosecond System**

14.     Zeiss Meditec markets and sells the VisuMax® Femtosecond System in the United States.

15.     The VisuMax® Femtosecond System is an ophthalmic surgical laser with at least the following indicated uses:

- In the creation of a corneal flap in patients undergoing LASIK surgery or other treatment requiring initial lamellar resection of the cornea;
- In patients undergoing surgery or other treatment requiring initial lamellar resection of the cornea;

- In the creation of a lamellar cut/resection of the cornea for lamellar keratoplasty;
- In the creation of a cut/incision for penetrating keratoplasty and corneal harvesting.

16. On information and belief, the VisuMax® Femtosecond System is used to selectively ablate and/or modify eye tissue.

17. On information and belief, the VisuMax® Femtosecond System operates with a pulse duration in the approximate range from 220 femtoseconds to 580 femtoseconds.

18. On information and belief, the VisuMax® Femtosecond System operates with a pulse repetition rate of 500 kilohertz.

19. On information and belief, when the VisuMax® Femtosecond System is used for an indicated use, the pulsed laser beams are directed and focused to specific locations on and in a patient's cornea.

20. On information and belief, when the VisuMax® Femtosecond System is used for an indicated use, each pulsed beam forms a plasma at least in part as a result of absorption of the beam's energy by eye tissue.

21. On information and belief, when the VisuMax® Femtosecond System is used for an indicated use, the plasma generated by the interaction of a beam and the eye tissue is allowed to decay.

22. On information and belief, when the VisuMax® Femtosecond System is used for an indicated use, the platform operates such that there is substantially no transfer of thermal or mechanical energy into and substantially no collateral damage to the surrounding tissue.

## COUNT I

## INFRINGEMENT OF THE '894 PATENT

### (Against Zeiss Meditec)

23. Femto-Sec restates and incorporates by reference its previous allegations above, as if fully set forth herein.

24. Zeiss Meditec has infringed and continues to infringe one or more claims of the '894 Patent by making, using, selling or offering to sell in the United States and/or by importing into the United States the VisuMax® Femtosecond System.

25. Zeiss Meditec has induced and continues to induce infringement of one or more claims of the '894 Patent in the United States by, among others, ophthalmic surgeons performing eye surgery using the VisuMax® Femtosecond System. Zeiss Meditec has known of the '894 Patent since at least 2008, when Dr. Neev corresponded and met with representatives of Carl Zeiss Meditec AG, on information and belief Zeiss Meditec's direct parent entity, and informed them of the '894 Patent, and has known or acted with willful blindness to the likelihood that the use of the VisuMax® Femtosecond System by ophthalmic surgeons infringes the '894 Patent.

26. The VisuMax® Femtosecond System is configured such that the use of the lasers for eye surgery constitutes infringement, and Zeiss Meditec instructs and encourages users to use the infringing laser for eye surgery.

27. With respect to the VisuMax® Femtosecond System, Zeiss Meditec's website states:

- "With the VisuMax®, Carl Zeiss is significantly shaping the world of refractive surgery. This ground-breaking laser system employs high-performance femtosecond laser technology and is characterized by its outstanding cutting precision, unsurpassed speed and gentle treatment technique."

- "VisuMax is the logical enhancement of the product range for refractive surgeons – and marks another step into the future of corneal surgery, the progress of which Carl Zeiss has been shaping for more than 20 years."
- "High-precision optics from Carl Zeiss provide an extremely focused laser beam. The result: minimum laser pulse energy at a high pulse frequency for unsurpassed incision control – at precisely the desired depth in the cornea, even with threedimensional, curved incisions."

28. Zeiss Meditec intends that the infringing product be used in a manner that infringes the '894 Patent. Zeiss Meditec obtained FDA approval for infringing uses and markets the product for infringing uses. On information and belief, Zeiss Meditec directly or indirectly creates and provides manuals, brochures or other documentation instructing and enabling infringing uses.

29. Zeiss Meditec has contributed to and continues to contribute to infringement of one or more claims of the '894 Patent in the United States by, among others, ophthalmic surgeons performing eye surgery using the VisuMax® Femtosecond System. The infringing product embodies a material part of the claimed invention of the '894 Patent, and Zeiss Meditec knows that the product is especially made or adapted for uses that infringe the '894 Patent. The infringing product is not a staple article or commodity of commerce suitable for substantial non-infringing uses.

30. Zeiss Meditec's infringement of the '894 Patent has been and continues to be willful. Zeiss Meditec has known of the '894 Patent since at least 2008. Zeiss Meditec knew or should have known that the VisuMax® Femtosecond System infringes the '894 Patent, and they have proceeded despite an objectively high likelihood that a court would find the product to be infringing.

31. Zeiss Meditec does not currently have nor has it ever had a license under the '894 Patent.

32.     Femto-Sec has sustained significant damages as a direct and proximate result of Zeiss Meditec's infringement of the '894 Patent.

33.     Femto-Sec will suffer and is suffering irreparable harm from Zeiss Meditec's infringement of the '894 Patent.  Femto-Sec is entitled to an injunction against Zeiss Meditec's continuing infringement of the '894 Patent.  Unless enjoined, Zeiss Meditec will continue their infringing conduct.

34.     Zeiss Meditec's infringement of the '894 Patent is exceptional and entitles Femto-Sec to attorneys' fees and costs incurred in prosecuting this action.

## RELIEF REQUESTED

WHEREFORE, Femto-Sec prays that the Court enter judgment as follows:

A.     That Zeiss Meditec has infringed and continues to infringe the '894 Patent and that the '894 Patent is not invalid and is enforceable;

B.     Awarding Femto-Sec damages adequate to compensate it for Zeiss Meditec's infringement of the '894 Patent, in an amount to be determined at trial, but in no event less than a reasonable royalty for the use made of the claimed inventions by them;

C.     Awarding a preliminary and permanent injunction restraining and enjoining Zeiss Meditec, and their officers, agents, servants, employees, attorneys, and any persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from any further manufacture, use, sales, offers to sell, or importations of any and all of the products and services identified above;

D.     Trebling all damages awarded to Femto-Sec under the '894 Patent;

E.     Finding this case exceptional and awarding to Femto-Sec its reasonable attorneys' fees incurred in prosecuting its claims for patent infringement;

F.     Costs and interest;

G.     Such other relief as the Court determines to be just and proper.

DATED: October 20, 2015  HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Philip Graves*
 Philip Graves
philipg@hbsslaw.com
301 N. Lake Ave #203
Pasadena, CA  91101
Telephone:  (213) 330-7147

Barbara Mahoney (*pro hac vice*)
barbaram@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594

Attorneys for Plaintiff
FEMTO-SEC TECH, INC

**DEMAND FOR JURY TRIAL**

Femto-Sec requests a jury trial for all issues triable to a jury.

DATED: October 20, 2015          HAGENS BERMAN SOBOL SHAPIRO LLP

By: ___/s/ Philip Graves___
    Philip Graves
philipg@hbsslaw.com
301 N. Lake Ave #203
Pasadena, CA  91101
Telephone:  (213) 330-7147

Barbara Mahoney (*pro hac vice*)
barbaram@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594

Attorneys for Plaintiff
FEMTO-SEC TECH, INC